**KRUEGER ASSOCIATES, INC., Individually and Trading as National Fulfillment Services, Plaintiff,**

v.

**ADT SECURITY SYSTEMS, Mid–South, Inc., and ADT Security Systems, Inc., Defendants,**

v.

**Eugene KRUEGER and Samuel Mendicino, individually and d/b/a/ as Holmes Corporate Center and Holmes Industrial Office Center, Third–Party Defendants.**

**Civil Action No. 93–1040.**

United States District Court, E.D. Pennsylvania.

July 8, 1998.

John M. Elliott, Adam B. Krafczek, Jr., Timothy T. Myers, Gerald Lawrence, Jr., Elliott, Reihner, Siedzikowsky and Egan, P.C., Blue Bell, PA, Richard K. Hohn, Gallagher, Reilly and Lachat, P.C., Philadelphia, PA, for Krueger Associates, Inc.

Jeremy D. Mishkin, John Ehmann, Montgomery, McCracken, Walker & Rhoads, Philadelphia, PA, for American District Telegraph Co. of Pennsylvania and ADT Security Systems Inc.

Timothy T. Myers, Elliott, Reihner, Siedzikowsky and Egan, P.C., Blue Bell, PA, Jeffrey B. McCarron, Philadelphia, PA, Michael J. Hynes, Swartz, Campbell & Detweiler, Philadelphia, PA, for Eugene Krueger, Holmes Corporate Center and Holmes Industrial Office Center.

Jeffrey B. McCarron, Philadelphia, PA, Michael J. Hynes, Swartz, Campbell & Detweiler, Philadelphia, PA, for Samuel Mendicino, Holmes Corporate Center and Holmes Industrial Office Center.

### MEMORANDUM

ROBERT F. KELLY, District Judge.

Review of the record in this case reveals that Plaintiff's Crossclaims remain outstanding. The Crossclaims encompass the allegations contained in Plaintiff's Complaint by reference. Thus, Plaintiff alleges strict liability (Count I), negligence (Count II), breach of implied warranties (Count III), strict liability—ultrahazardous activities (Count IV), fraud (Count V), and negligent misrepresentation (Count VI). Additionally, Plaintiff includes a separate count seeking indemnification pursuant to the lease agreement.

638

■ I find that the portions of Plaintiff's Crossclaims which incorporate Plaintiff's Complaint by reference are improper and must be dismissed because Plaintiff's Complaint provides no basis for liability from Third–Party Defendant to Plaintiff. FED. R. CIV. PRO. 8.

■ Also, Plaintiff's claim for indemnification pursuant to the lease agreement must fail. Nothing in the lease requires Holmes Corporate Center to indemnify Plaintiff. *Dipietro v. City of Philadelphia*, 344 Pa.Super. 191, 496 A.2d 407, 410 (1985). To the contrary, Plaintiff agrees to indemnify Holmes Corporate Center in the lease agreement. Under no circumstances will Plaintiff be entitled to indemnification from Third–Party Defendants in this matter, therefore, Plaintiff's claim for indemnification must be dismissed.

An Order follows.

### ORDER

AND NOW, this 8th day of July, 1998, it is hereby ORDERED that Plaintiff's Crossclaims are dismissed.